# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cr-334-JNE-KMM |
| Plaintiff, | **ORDER** |
| v. | |
| (1) Paul R. Hansmeier, | |
| Defendant. | |

Benjamin F. Langner / David J. MacLaughlin, Assistant U.S. Attorneys, counsel for the government

Andrew H. Mohring / Manvir K. Atwal, Assistant Federal Defenders, counsel for defendant

This matter is before the Court on Paul Hansmeier's Motion to Designate Case as Complex Under Speedy Trial Act.[1]  ECF No. 36.  In support of his motion Mr. Hansmeier explains that the case is unusually complex due to the voluminous discovery already produced by the government.  Mot. at 3-4.  He also highlights the unique nature of the allegations in the indictment, arguing that the charges "exist at the edges of established precedent."  Mot. at 4.  The Court agrees that this case is complex, that it may raise novel questions of law, and that it certainly involves an extraordinary amount of discovery.  It would be unreasonable to expect the parties to adequately prepare for pretrial proceedings and trial within the limits set forth in the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).  Accordingly, based on the representations made in Mr. Hansmeier's motion and the Court's review of the

---

[1]     The motion is largely, but not entirely, unopposed by the government.  Mot. at 1.  The only area of disagreement between the parties relates to whether pretrial motions should be bifurcated.  Mot. at 5.

indictment in this matter, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

To date, this case has proceeded without a pretrial schedule. As part of his motion, Mr. Hansmeier proposed a schedule for pretrial and trial proceedings that represents a continuance of the standard schedule that would ordinarily apply. The Court finds that Mr. Hansmeier has shown good cause for the requested continuance, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of such a continuance outweigh the interest of the public and the defendant in a speedy trial. Moreover, the Court agrees that the continuance granted pursuant to Mr. Hansmeier's motion constitute excludable delay for purposes of the Speedy Trial Act. However, the Court does not adopt Mr. Hansmeier's proposed schedule in all respects.

Mr. Hansmeier suggested a schedule that would bifurcate the filing of pretrial litigation regarding the legality of some of the indictment's charges from other pretrial motions, requiring any motion to dismiss the indictment be filed by March 15, 2017, and the other pretrial motions to be filed roughly six weeks later. Mot. at 4-5. The government does not oppose the total amount of time suggested by Mr. Hansmeier for the pretrial litigation, but disagrees that the proceedings should be structured with two deadlines. The Court notes that, under the local rules, Mr. Hansmeier's proposal would not allow the first wave of motions related to dismissal of the indictment to be ruled on by either the undersigned magistrate judge or by the District Court before the due date for the second wave of pretrial motions. Therefore, neither the resources of the Court, nor those of either party, would be conserved; instead the second set of motions would just be filed somewhat later. The Court finds that the ends of justice are best served by considering all pretrial motions together, but allowing Mr. Hansmeier until the later-requested deadline to file all such motions, as set forth in the schedule below.

Based on the foregoing, Mr. Hansmeier's Motion to Designate Case as Complex Under Speedy Trial Act (ECF No. 36) is **GRANTED**. The Court finds that the case is complex within the meaning of the Speedy Trial Act, and adopts the following schedule. It is **HEREBY ORDERED** that:

1. The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **February 22, 2017**.

2. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **March 1, 2017**.

3. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 24, 2017**.

4. Counsel must electronically file a letter on or before **April 24, 2017**, if no motions will be filed and there is no need for hearing.

5. All responses to motions must be filed on or before **May 15, 2017**.

6. All replies to motions must be filed on or before **May 30, 2017**.

7. Any Notice of Intent to Call Witnesses must be filed by **May 15, 2017**.

8. Any Responsive Notice of Intent to Call Witnesses must be filed by **May 22, 2017**.

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

10. The motions hearing will be heard before Magistrate Judge Katherine Menendez on **June 6, 2017**, at **10:00 a.m.**, in **Courtroom 8E**, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

11. **TRIAL:**

    a. All voir dire questions and jury instructions and trial related motions (including motions in limine) must be submitted to District Judge Joan N. Ericksen on or before **September 1, 2017**.

    b. This case will commence trial on **September 11, 2017**, at **9:30 a.m.** before District Judge Joan N. Ericksen in **Courtroom**

**12W**, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

**IT IS FURTHER ORDERED** that all time between the arraignment, January 19, 2017, and the date for the filing of pretrial motions, April 24, 2017, shall be excluded from the Speedy Trial Act computations in this case.


Date: February 15, 2017                          s/ *Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge

4