UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334(1) (JNE/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MOTION FOR BILL |
| v. ) | OF PARTICULARS |
| ) | |
| PAUL R. HANSMEIER, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Mr. Hansmeier, by and through undersigned counsel, moves the Court for an order directing the government to file a Bill of Particulars so that the defendant can know which of his particular acts and transactions are alleged to have been part of Counts 1 through 18 of the Indictment.

Rule 7(f) of the Federal Rules of Criminal Procedure permits this court to direct the government to file a bill of particulars. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial." *United States v. Hernandez*, 299 F. 3d 984, 989-90 (8th Cir. 2002).   When, as here, the government alleges fraud or perjury there exists a particular need for specificity as to the alleged fraudulent conduct and statements, so that the accused can effectively defend against those charges. *United States v. Sampson*, 448 F.Supp.2d 692, 696 (E.D. Va. 2006).   And the need for specificity is even more acute in situations where, as here, the government's allegations

jumble both lawful and allegedly unlawful conduct.  *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987).  Absent such specificity, the defendant is improperly forced to confront evidence unrelated or otherwise tenuously related to the government's actual charged theory.  *Id.*  And the government does "not fulfill its obligation [for fair notice] merely by providing mountains of documents to defense counsel who [are] left unguided as to which document would be proven falsified."  *Id.*

Here, as explained in the defendant's Memorandum of Law in support of his Pretrial Motion to Dismiss Counts of the Indictment (MOL-PMD), the government puts forth a dizzying array of allegations.  However it is unclear which acts the government claims are Mail/Wire Fraud, and which acts the government claims to be merely unethical or deceitful. At a minimum, the government should go on record as to its "theory of the case."  *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).  For example, answers to at least the following are needed to make an effective defense presentation that meets the government's core allegations of Mail/Wire Fraud and not endless ancillary matters:

1.      We ask that the prosecution be directed to identify the victim(s) of the offenses alleged in the indictment, to explain how they were victimized, and to specify the loss amount(s).  Is the alleged victim the computer users described above and below?  Or civil courts?  Or both?  Or someone else?  Is the government relying upon "fraud on the court" judicial opinions imposing civil sanctions?  If so, by what reasoning?

2.      The government seems to say the defendant's copyright lawsuits were "fraudulent" in part because he and others allegedly "uploaded the [protected works] to file sharing websites hoping to lure people into downloading" those same protected works.

2

We seek clarification. Is the government's position that, as a matter of law, such acts *always necessarily* render a civil copyright action "fraudulent" (or "baseless" or "frivolous" or the like)? If so, how does the government explain the conflicting authority set out in the Defendant's MOL-PMD? If not, are these acts alleged to be "fraudulent" when done in combination with other acts? Which alleged acts?

3. The government seems to say the defendant's copyright lawsuits were "fraudulent" in part because he did not disclose his alleged interests in the copyright-holding entities at issue. We seek further clarification. Is the government saying that, as a matter of law, such acts *always necessarily* render a civil copyright action "fraudulent" (or "baseless" or "frivolous" or the like)? If so, how does the government explain the conflicting authority set out in the Defendant's MOL-PMD? If not, are these acts alleged to be "fraudulent" when done in combination with other acts? Which alleged acts?

4. The government seems to say the defendant's copyright lawsuits were "fraudulent" in part because he violated some duty of candor to civil courts. We ask for clarification. Is the government saying that, as a matter of law, such acts *always necessarily* render a civil copyright action "fraudulent" (or "baseless" or "frivolous" or the like)? If so, how does the government explain the conflicting authority set out in the Defendant's MOL-PMD? If not, are these acts alleged to be "fraudulent" when done in combination with other acts? Which alleged acts?

5. The government seems to say the defendant's copyright lawsuits were "fraudulent" in part due to "extortionate tactics to garner quick settlements." We request

further information.   What "extortionate tactics"?   Is this limited to settlement communications?   Or something else?

6. Is the government alleging "fraudulent" copyright actions because the defendant never had any *bona fide* and good-faith basis to bring *any* copyright action against a computer user who visited file-sharing platforms (or apparently did so based upon information gleaned from early discovery)?   Or that the defendant had no good-faith basis to bring the multi-defendant "Doe" actions to avail itself of early discovery?   Or both?   Or something else?

For all the reasons, the defendant respectfully request that the Court direct the government to file a Bill of Particulars.

Dated: April 24, 2017

*Respectfully submitted,*

*s/ Andrew H. Mohring*

ANDREW H. MOHRING
Attorney ID No. 190731

MANNY K. ATWAL
Attorney ID No. 282029

Office of the Federal Public Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858