UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334(1) (JNE/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT |
| v. ) | OF MOTION FOR DISCLOSURE |
| ) | OF 404 EVIDENCE |
| PAUL R. HANSMEIER, ) | |
| ) | |
| Defendant. ) | |

Defendant respectfully submits the following memorandum to support his motion for pretrial disclosure of 404(b) "bad act" evidence.

Effective December 1, 1991, Rule 404 requires timely disclosure of "bad act" evidence, upon defendant's request. What constitutes timely disclosure is left to the discretion of the District Courts. However, directing that such evidence be disclosed to the defense forthwith serves the interest of justice in a number of ways. The beneficial impact of pretrial disclosure of evidence of other crimes is recognized by Minnesota state courts and other jurisdictions, where such evidence is disclosed. See States v. Spreigel, 139 N.W.2d 167, n. 20-172-73 (Minn. 1965) (requiring pretrial disclosure as a matter of fairness to defendants).

> To allow [such previously undisclosed] testimony is to infringe the constitutional right of the defendant to demand in the nature and cause of the accusation against him. Such procedure might be palliated if there was any provision for giving the defendant notice of the other charges in such cases .
> . . .

Id. at 173 n. 20 (quoting State v. Jensen, 140 p. 740, 741 (Or. 1914)).

The interest in preserving the overall fairness of proceedings against defendants, recognized in the cases cited here, is only one consideration calling for prompt disclosure of 404 (b) evidence.  Expedited disclosure will in addition facilitate the process of litigating the admissibility of any such evidence which the government intends to use by allowing both prosecution and defense the opportunity adequately to brief admissibility issues and motions <u>in limine</u>, allowing rulings on admissibility prior to trial, and enhancing the efficiency with which substantive issues of guilt and innocence can adjudicated.  We ask that the Court establish a deadline for these disclosures in the very near future.

For the reasons stated above, defendant requests the Court order the government to disclose any evidence it may seek to introduce under Rule 404(b) of the Federal Rules of Evidence and to identify the witnesses through whom such evidence will be presented at trial.  Consistent with the Rule's requirement that it be disclosed upon request, we ask that the Court set a deadline for its disclosure in the very near future.

Dated: April 24, 2017                                       Respectfully submitted,

*s/ Andrew H. Mohring*

ANDREW H. MOHRING
Attorney ID No. 190731

MANNY K. ATWAL
Attorney ID No. 282029

Office of the Federal Public Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858