UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Crim. No. 16-334 (JNE/KMM) |
| | ) |
| Paul R. Hansmeier, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY CONCERNING PRETRIAL MOTIONS:**
Discovery Motions

The defense motion to dismiss counts 1-17, and the reasons granting this motion is appropriate are outlined elsewhere. Should the Court disagree, the indictment presents a set of issues that are highlighted in the defense motions for Bill of Particulars, *Brady* disclosures, and additional discovery.

### A. Bill of particulars/*Brady*/discovery

The government rests its theory of prosecution on the claim that Mr. Hansmeier brought the civil actions at issue, despite the existence of what the government views as defenses. That means that if the case should go to trial, a major aspect of litigation will be whether those defenses were legally or factually viable. In essence, the government is asking us to conduct a civil trial within a criminal trial.

The trouble is the criminal procedural rules do not allow for all the discovery mechanisms for a pretrial probe to determine the strength or weakness of said defenses. The government, however, presumably has access to most if not all the relevant

1

information, *e.g.,* (1) information from the "victim" computer users who the government apparently concedes did unlawfully download copyright protected works from a file-sharing platform (itself a possible violation of federal criminal statutes depending on the facts and circumstances), concerning the nature and extent of their downloading activities; (2) data gleaned from the computers used by theses "victims" showing the nature and extent of their downloading activities; (3) any other information reasonably calculated to lead to the discovery of admissible evidence as to the efficacy or non-efficacy of any defense the government will rely on at trial to attempt to show the civil actions at issue were "baseless" or "frivolous" or the like.  Documentation of the identities and circumstances of the people and entities the government claims to be victims, and of the nature and specifics of their alleged victimization, is, most fundamentally, information that is material to preparing the defense to these charges. FRCrimP 16 (a)(1)(E)(i).

The government protests that it is "not required to prepare a treatise for the defendant explaining why precisely his conduct constitutes fraud." (ECF 57 at 25).  On the contrary, much is required by the government's election to base its theory of the case upon specified and unspecified defenses to civil copyright infringement actions.  At a minimum, it should be ordered to supply the defense with the information, objects, and documents (including digital materials) available to it bearing on that matter.

If this case is to go forward, the government should be directed to:

(1).    Specify each civil defense it intends to rely upon for its claim that the civil litigation at issue here is "frivolous" or "baseless" or the like.

(2).    Supply all the information and materials available to it bearing on those

matters.

(3). Clarify the identities of the victims and the specifics of their victimization, including specifying whether or not it views civil courts as victims, and if so which courts, a straightforward question that has yet to be answered in the many months this case has been pending.

Depending upon the comprehensiveness of these disclosures, follow up discovery requests and/or motion practice may be necessary. This is the natural consequence of bringing a criminal action on the basis of alleged "frivolous" civil litigation. If the government wishes to pursue the matter, then it must prove its civil defense thesis beyond a reasonable doubt, and do the hard work akin to civil discovery so that the defense has a full and fair opportunity to rebut it.

**B. Discovery Motions**

As outlined below, the nature of this case and the volume of information it embraces call for a more generous set of discovery deadlines than those proposed in the prosecution's omnibus submission.

1. Expert Disclosures.

The prosecution suggests that the expert witness disclosures mandated by Rule 16 (a)(1)(G) can properly be offered two weeks before the start of trial. We disagree, and ask that the Court set a deadline for the disclosure of these materials that is 60 days before the start of trial.

At the outset, it is not clear that expert input will be appropriate, or that any will be pursued by the prosecution. Whether the government will seek to rely on expert input in

its effort to substantiate the charges is of course best known by the prosecution itself. However, this is not a reactive case, driven by a need to bring a speedy response to a recent set of events. In the main, the indictment focuses on the time period between 2011 and 2014. Given the duration of its investigation, imposing an earlier deadline ought not be that heavy a burden.

Further, the adequacy of notice of expert witness information is driven not just by the need to digest it, but by the need to respond to it. This includes identifying, engaging, and working with rebuttal expert and other witnesses, which in a case like this can be a lengthy set of undertakings. Finally, it is this Court's practice to require motions in limine and other pre-trial documents meaningfully in advance of the beginning of the trial itself. The current scheduling order requires that all such documents be filed 10 days before trial. A 14-day notice would allow only four days for expert-focused motions in limine. For all of these reasons, we ask that the Court consider 60 days as an appropriate deadline for a case of this magnitude.

2. 404(b) Notice

Here, too, the prosecution proposes to provide notice of evidence it will seek to introduce under Rule 404 (b) of the Federal Rules of Evidence 14 days before trial. For reasons noted above and more, this deadline is inadequate. Any notice of 404(b) evidence triggers a necessary series of responses, including investigation and identification of information refuting the evidence itself and development of motions in limine challenging the relevance and admissibility of the noticed information. Given this, the duration of the prosecution's investigation, and the Court's schedule for pre-trial litigation, we ask that the

Court set a deadline of 45 days before trial for any Rule 404(b) notice.

Dated: June 16, 2017                                   Respectfully submitted,

                                                       *s/ Andrew H. Mohring*

                                                       ANDREW H. MOHRING
Attorney ID No. 190731

MANNY K. ATWAL
Attorney ID No. 282029

Office of the Federal Public Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858