UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334(1) (JNE/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| PAUL R. HANSMEIER, | |
| Defendant. | |

The United States of America, by and through its attorneys, Gregory G. Booker, Acting United States Attorney for the District of Minnesota, Benjamin F. Langner and David J. Maclaughlin, Assistant United States Attorneys, and Brian Levine, U.S. Department of Justice Senior Counsel, submits this memorandum in response to defendant Paul Hansmeier's objections to Magistrate Judge Menendez's report and recommendation, which recommended denying defendant's motion to dismiss the Indictment.

The defendant's objections alternately ignore and mischaracterize the Magistrate's report and recommendation. To be clear, Judge Menendez did not "prune," "cabin," "strip away," or "boil down" the allegations comprising the charged scheme to defraud. Quite the opposite, she unequivocally held that each of the allegations in the Indictment form an integral part of the scheme, and specifically rejected the reductive approach the defendant once again attempts to foist upon the court:

> A fraudulent scheme alleged in any indictment must be viewed as a whole. Mr. Hansmeier's motion presents the government's many allegations as a list of discrete acts which are not all, on their own, illegal in an attempt to argue that the

> entire indictment fails to set forth a criminal conspiracy. …[I]t would be inappropriate to focus only on the arguably lawful actions related to creative copyright litigation discussed in the indictment while ignoring the allegations of perjury, misleading testimony, filing cases with fictitious and bad faith claims, creating sham entities as clients, recruiting sham defendants to deflect court's scrutiny of early discovery requests, and lying to the courts and victims about material facts.

Report and Recommendation ("R&R") (Doc. 66) at 5-7.[1]

As determined by the Magistrate Judge, and as noted in the government's response to the motion to dismiss, the scheme had many facets, all of which contributed to defendants' efforts to deceive State and Federal judges as well as numerous individuals they threatened to sue. Specifically, the defendants:

(a) owned and controlled their clients, which defendants domiciled in Nevis to obscure their control;

(b) used the names of their associates as representatives of their "clients" to further conceal their interest in the underlying pornographic movies;

(c) filmed and obtained copyrights to pornographic "works" for the sole purpose of generating settlement fees;

(d) uploaded their own copyrighted movies to BitTorrent websites, using a virtual private network and anonymous username to conceal their involvement;

(e) filed lawsuits and motions for early discovery containing false and deceptive representations;

---

[1] *See also* Transcript of Motions Hearing at 41 ("But the government points out, and the case law is clear, scheme means scheme. It means something more than parsing with a scalpel things into individual discrete allegations and viewing them each alone. …So here it's not just a frivolous…piece of litigation, it is numerous [] other separate lies that are an effort to maintain that litigation.")

    (f)    sent false and deceptive communications to victims in order to extract quick settlements;

    (g)    invented from whole cloth knowingly false allegations of a hacking cabal focused on their "clients";

    (h)    recruited individuals to falsely pose as civil defendants in these "hacking" lawsuits; and

    (i)    systematically perjured themselves and caused their associates to perjure themselves in order to carry out and cover up their scheme.

Far from rejecting any of the various aspects of the scheme, the Magistrate Judge found that these allegations must be viewed in totality, and taken together clearly set forth a scheme to defraud comprised of both intentional misrepresentations as well as material omissions. *See* R&R at 10-12. The fundamental precept of the defendant's objections—that the Magistrate reduced the scheme set forth in the Indictment solely to "misusing early discovery"—so profoundly mischaracterizes the report and recommendation that this Court need not follow the defendant down the rabbit hole he created, and should summarily reject the defendant's objections.

    Even after setting up the strawman of a greatly-reduced theory of prosecution, the defendant fails to effectively knock it down. In essence, the defendant argues that his false representations to State and Federal courts were incapable of influencing the victims' decision to part with their money. In support, defendant cites to two inapposite cases involving defendants who provided a service in exchange for the victim's money, and extracted additional money from a third party outside of the contractual agreement with the purported victims. *See United States v. Jain*, 93 F.3d 436, 441-42 (8th Cir. 1996); *United States v. Starr*, 816 F.2d 94, 95-101 (2d Cir. 1987). Mr. Hansmeier, of course, did not

3

provide any service to the victims in this case in exchange for their money and, unlike the purported victims in *Jain* and *Starr*, the victims in this case were themselves deceived by the elaborate scheme orchestrated by the defendants. Furthermore, the holdings in both *Jain* and *Starr* focus on whether the defendant intended to harm the victims (as opposed to a third party), not on whether the misrepresentations were material.

The defendant's argument also entirely ignores *United States v. Blumeyer*, 114 F.3d 758, 767-68 (8th Cir. 1997), in which the Eighth Circuit held that a false representation made to a regulatory agency as part of a scheme to obtain money or property from other victims can constitute fraud. In her report and recommendation, Magistrate Judge Menendez specifically cited *Blumeyer* for this principle when rejecting the argument now rehashed by the defendant.[2] Most importantly, however, as noted above, the defendant's argument relies entirely on the faulty premise that the government's articulation of the scheme is now limited solely to misusing the court's early discovery authority, an approach the Magistrate Judge squarely rejected.

In his objections, the defendant also attempts to relitigate the question of whether there exists a categorical bar to prosecutions arising from civil litigation. For the reasons set forth in the Magistrate Judge's report and recommendation, as well as the government's response to the defendant's motion to dismiss, no such bar exists. The defendant presents no new arguments, and the government therefore relies on its previous response.

---

[2] The defendant's remaining arguments on materiality (*i.e.* "uncertain legal duty + known conflict of interest" and "falsehoods that merely introduce the transaction") run even further afield from the facts alleged in the Indictment, and do not warrant further discussion.

4

Dated: August 28, 2017

Respectfully submitted,

GREGORY G. BOOKER
Acting United States Attorney

*s/ Benjamin F. Langner*

BY:  BENJAMIN F. LANGNER
DAVID J. MACLAUGHLIN
Assistant U.S. Attorneys

BRIAN L. LEVINE
Senior Counsel
United States Department of Justice

5